BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

SHAILIKA S. KOTIYA (CABN 308758)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7443
    FAX: (415) 436-7027
    shailika.kotiya@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>DONALD JASON LIEN,<br><br>    Defendant. | CASE NO. CR 16-00393 RS<br><br>JOINT STIPULATIONS AND WAIVERS FOR BENCH TRIAL<br><br>Date: June 27, 2017<br>Time: 2:30 p.m.<br>Court: Hon. Richard Seeborg |

The parties respectfully submit the following stipulations in anticipation of a bench trial before this Court.

## I. INTRODUCTION

This trial concerns the alleged unlawful possession of child pornography by defendant Donald Jason Lien. On September 20, 2016, the Grand Jury returned an Indictment charging Mr. Lien with one count of possession of child pornography in violation of 18 U.S.C. § 2252(a)(4)(B) and containing a forfeiture allegation. Mr. Lien filed a motion to suppress evidence. After receiving briefing and hearing argument from the parties, the Court denied Mr. Lien's motion.

The parties now agree to a bench trial with stipulations as detailed below. The parties enter these stipulations with the express understanding that Mr. Lien objects to the introduction of any evidence obtained as a result of the searches and the fruits of those searches on the basis that they were seized in violation of the Fourth Amendment. The government and Mr. Lien agree that be entering into these stipulations Mr. Lien is not rendering moot his right to appeal the denial of his motion to suppress. *United States v. Larson*, 302 F.3d 1016, 1020 (9th Cir. 2002) (stating that appeal after a bench trial by stipulated facts not moot if the stipulations merely describe evidence the government intended to introduce at trial). The defendant does not waive his objection to the introduction of that evidence by entering into the following stipulations.

## II. WAIVER OF RIGHTS

1. Pursuant to Federal Rule of Criminal Procedure 23, Mr. Lien waives his right to a jury trial and the government consents to have the Court conduct the trial in this case.

2. Mr. Lien waives his right to testify, to cross-examine witnesses called by the government, and to call witnesses on his own behalf.

3. The parties agree that the Court can rely on the declarations submitted in support of Mr. Lien's motion to suppress, the government's opposition to the motion to suppress, and Mr. Lien's reply in support of his motion to suppress, and on the stipulations below to decide whether Mr. Lien is guilty or not guilty of the charges, and they submit the matter for decision by the Court on that basis.

///

## III. FACTUAL STIPULATIONS

1. If called to testify at trial, Cathy A. McGoff, Senior Manager of Law Enforcement and Information Security at Google, Inc. would testify as follows:

   a. Google uses a hashing technology to detect and remove confirmed child sexual abuse material in which each offending image is given a digital fingerprint ("hash") that computers can recognize. The hash will then be added to a repository of hashes of confirmed child sexual abuse material.

   b. When Google's product abuse detection system encounters a hash that matches a hash in its repository of confirmed child sexual abuse material, it will report those images to the National Center for Missing and Exploited Children ("NCMEC").

   c. On April 13, 2016, Google's product abuse detection system identified three files that had been uploaded to a Google+ Photos account with the username of jasonlien6969@gmail.com.

   d. Google employees conducted a manual, human review of those images and confirmed that they contained apparent child pornography.

   e. On or about April 13, 2016, Google provided this information to NCMEC.

2. If called to testify at trial, John Shehan, Vice President of the Exploited Children Division at NCMEC would testify as follows:

   a. He reviewed CyberTipline report 9627459 submitted to NCMEC by Google, Inc., and received by NCMEC on April 16, 2016.

   b. CyberTipline report 9627459 reported three files that Google identified as child pornography uploaded to a Google+ Photos account with the username of jasonlien6969@gmail.com.

   c. NCMEC staff viewed the three uploaded files contained in CyberTipline report 9627459 and confirmed that they did depict apparent child pornography.

   d. NCMEC made CyberTipline report 9627459 available to the San Jose Police Department for its independent review and potential investigation.

3. If called to testify at trial, Sergeant William Heppler of the San Francisco Police Department would testify as follows:

   a. Sergeant Heppler received CyberTipline report 9627459 from the Silicon Valley Internet Crimes Against Children Task Force.

   b. He reviewed the CyberTipline report, which included three images uploaded to the Google + Photos account with the username jasonlien6969@gmail.com.

   c. The CyberTipline report included copies of the three uploaded images. Sergeant Heppler personally viewed those images, identified them as child pornography and would describe those images as follows:

      i. Image #1 – An erect male penis is slightly, beginning to penetrate the vagina of a prepubescent toddler, estimated by size and development to be between eighteen months and three years old;

      ii. Image #2 – A juvenile female, toddler, between the ages of two and four years old is laying on her back with her vagina exposed with her right index finger penetrating her vagina; and

      iii. Image #3 – A juvenile female laying on a bed, nude, exposing her vaginal area. The juvenile female appears to be between the ages of five to eight years old.

   d. Sergeant Heppler's continued investigation revealed that Donald Jason Lien was the individual identified in the CyberTipline report.

   e. As part of his continued investigation, Sergeant Heppler obtained the contents of Mr. Lien's Google Drive, including 2217 deleted images. Sergeant Heppler reviewed those images and determined that a small portion of those images depicted child pornography.

   f. On August 18, 2016, Sergeant Heppler interviewed Mr. Lien. In that interview, Mr. Lien admitted that he owned the Google account associated with jasonlien6969@gmail.com and that he knowingly viewed or possessed one or more matters which contained a visual depiction of a minor engaged in sexually explicit conduct.

4. If called to testify at trial, a Department of Homeland Security (DHS) forensic expert would testify each visual depiction either had been transported in interstate or foreign commerce or produced using material that had been transported in interstate or foreign commerce.

IT IS SO STIPULATED.

BRIAN J. STRETCH
United States Attorney

Dated: 6/27/17

_____
SHAILIKA KOTIYA
Assistant United States Attorney

Dated: 6/27/17

_____
DONALD JASON LIEN
Defendant

Dated: 6/27/17

_____
JODI LINKER
Attorney for Defendant

STIPULATIONS RE: BENCH TRIAL
CR NO. 16-00393 RS

4